# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JACKSON,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, RICHARD J. DONOVAN CORRECTIONAL FACILITY,<br><br>    Respondent. | Case No. CV 19-1652 JLS (MRW)<br><br>**ORDER DISMISSING HABEAS ACTION** |

    The Court summarily dismisses this action pursuant to 28 U.S.C. § 2243 as successive, untimely, and procedurally barred on its face.

\* \* \*

    1.    This is a state habeas action. In 2005, Petitioner was convicted of rape and numerous other sexual offenses. He was sentenced to 83 years to life in prison. In his current petition, Petitioner appears to assert a claim of a conflict of interest or ineffective assistance with his appointed appellate lawyer over a decade ago regarding that conviction.

2. The current action represents Petitioner's <u>eighth</u> federal habeas action in this Court.[1] After the district court summarily dismissed Petitioner's last action, the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability regarding the dismissal. (CV 16-9351 at Docket # 13.)

3. In the course of Petitioner's previous habeas actions (CV 12-8210, 15-1354, 15-4300, 16-9351), Magistrate Judge Wilner expressly informed Petitioner that he needed permission from the Ninth Circuit before pursuing a successive habeas case. As with those actions, the current petition was not accompanied by a certificate from the Court of Appeals authorizing a successive habeas action.

4. Additionally, when Petitioner initiated his <u>eighteenth</u> state court petition (Docket # 1-1 at 29) asserting the claim for which he now seeks federal relief, the state supreme court expressly denied review because of the untimeliness of his action and other procedural defects. (Docket # 1-1 at 33 (citing <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998) (untimely petition), and <u>In re Clark</u>, 5 Cal. 4th 750, 767-769 (1993) (no successive petitions)).)

\* \* \*

5. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for

---

[1] <u>Jackson v. Felker</u>, CV 07-3982 GAF (RC) (C.D. Cal.); <u>Jackson v. Stainer</u>, CV 11-5967 GAF (MRW) (C.D. Cal.); <u>Jackson v. Holland</u>, CV 12-5362 GAF (MRW) (C.D. Cal.) (dismissed as improperly filed civil rights action); <u>Jackson v. Holland</u>, CV 12-8210 GAF (MRW) (C.D. Cal.); <u>Jackson v. Muniz</u>, CV 15-1354 JLS (MRW) (C.D. Cal.); <u>Jackson v. Muniz</u>, CV 15-4300 JLS (MRW) (C.D. Cal.) (challenging related probation revocation proceeding); <u>Jackson v. Asuncion</u>, No. CV 16-9351 JSL (MRW) (C.D. Cal.).

2

1 | summary dismissal to district judge "if it plainly appears from the face of the
2 | petition [ ] that the petitioner is not entitled to relief").

3 |     6.    Petitioner's eighth federal action is subject to summary dismissal. The action is an unauthorized successive petition for which – despite the Court's previous warnings – Petitioner did not apply to the circuit court for permission to pursue. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3); <u>Burton v. Stewart</u>, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals). "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." <u>Brown v. Muniz</u>, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); <u>Prince v. Lizzaraga</u>, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this [appellate] court for permission to have his petition heard in the district court").

    7.    Additionally, Petitioner's action is facially time-barred under AEDPA. A habeas litigant is obliged to commence an action within one year of the conviction becoming final. 28 U.S.C. § 2244. Petitioner filed his current action over a decade after his conviction became final.

    8.    Moreover, the state supreme court's determination that his <u>state</u> habeas action was untimely and successive (the <u>Clark</u>/<u>Robbins</u> order) means his action is procedurally barred in federal court. A federal court cannot review a claim rejected by a state court if that decision rested on an independent and adequate state law basis, such as untimeliness or successiveness. <u>Walker v. Martin</u>, 562 U.S. 307, 315 (2011). Based on the state supreme court ruling in this action, Petitioner is defaulted under AEDPA from pursuing his claims on federal habeas review.

\* \* \*

The current action is successive, untimely, and procedurally barred. The petition is subject to summary dismissal. Because the Court does not have jurisdiction to consider Petitioner's claims, the action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: June 12, 2019

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE